**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **EDGAR GALVAN PEREZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-945-R** |
| | ) | |
| **ROBERT CERNA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## ORDER

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 asserting his continued detention by U.S. Immigration and Customs Enforcement violates the Immigration and Nationality Act and his Fifth Amendment Due Process rights [Doc. No. 1]. As relief, he seeks his immediate release or, alternatively, a prompt custody hearing before a neutral decisionmaker. The matter was referred to United States Magistrate Judge Amanda L. Maxfield, who issued a Report and Recommendation [Doc. No. 13] recommending the Court grant the Petition in part and order Respondents to provide Petitioner with an individualized bond hearing before a neutral decisionmaker. Respondents filed a timely Objection [Doc. No. 14] to which Petitioner replied [Doc. No. 15], triggering de novo review of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

Petitioner is a citizen of Mexico who entered the United States without inspection in or about 2002. ICE detained Petitioner in December 2025 and instituted removal

1

proceedings against him by issuing a Notice to Appear designating him as an alien present in the United States who had not been admitted or paroled. 8 U.S.C. § 1182(a)(6)(A)(i).

In her Report, Judge Maxfield concluded Petitioner is detained pursuant to 8 U.S.C. § 1226(a). Having reviewed the pertinent filings and Respondents' Objection to this finding, the Court agrees with Judge Maxfield's conclusion that § 1226(a) applies to Petitioner's detention.[1] Accordingly, Petitioner is entitled to a prompt bond hearing. [2] *See Munoz v. Grant*, No. CIV-26-544-D, 2026 WL 1078862, at *2 (W.D. Okla. Apr. 20, 2026) ("Accordingly, § 1226(a) controls Petitioner's detention, and Petitioner is therefore entitled to a bond hearing."); *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."); *Maldonado v. Noem*, No. CIV-25-1379-J, 2026 WL 160950, at *3 (W.D. Okla. Jan. 21, 2026) ("Noncitizens detained under § 1226(a) are generally entitled to a prompt bond hearing before an immigration judge.").

Respondents argue that, should the Court adopt its prior statutory reasoning, it should decline to consider Petitioner's due process claims. Petitioner urges the opposite. This Court agrees with Respondents. "Because the Court's finding that Respondents

---

[1] On this issue, the Court finds persuasive the analyses provided in *Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025), and *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258 (11th Cir. 2026). The Court acknowledges the contrary decisions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

[2] Notably, Petitioner requests the Court order either his immediate release or a bond hearing [Doc. No. 1]. Furthermore, in his Response to the Government's Objection, he does not dispute Judge Maxfield's recommendation that a bond hearing is the proper remedy.

violated the Immigration and Nationality Act results in the same relief that is requested through Petitioner's due process claim, the Court finds there is no need to address Petitioner's due process claim." *Kumar v. Johnson*, No. CIV-26-736-J, 2026 WL 1500948, at *2 (W.D. Okla. May 28, 2026).

Finally, although Petitioner is entitled to a custody determination hearing, the Court declines to shift or alter the burden of proof at this stage. *See Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *2 (W.D. Okla. Apr. 16, 2026) ("At this point in time, no immigration judge has conducted a bond hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts of this case to that evidentiary framework."); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) ("At this time, the Court declines to place the burden on the government to justify Petitioner's detention pending removal proceedings.").

Accordingly, the Report and Recommendation of Judge Maxfield is ADOPTED in part. The Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED in part and Respondents are directed to provide Petitioner with an individualized custody determination before a neutral decisionmaker within seven days of the date of this order. Respondents shall certify their compliance by filing a status report.

IT IS SO ORDERED this 25th day of June, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

3